# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNETH K. RAY, doing business as Premier Innovations, and | )<br>)<br>) |
| KENNETH K. RAY, Individually | )<br>) Case No.: |
| Plaintiffs, | )<br>) |
| vs. | ) JURY TRIAL DEMANDED<br>) |
| DEALER PRODUCT SERVICES, INC., | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs Kenneth K. Ray, doing business as Premier Innovations and Kenneth K. Ray (collectively "Ray"), for their Complaint against Dealer Product Services, Inc. ("DPS") state and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Laws of the United States (Title 17, United States Code), and under the statutory and common law of the State of Missouri.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, §1332, §1338(a), and §1367(a).

3. Defendant DPS is subject to personal jurisdiction in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 and §1400(a).

## FACTS COMMON TO ALL COUNTS

### The Parties

5. Plaintiff Kenneth K. Ray is an individual residing in the State of Missouri who does business under the name "Premier Innovations".

6. Plaintiff Kenneth K. Ray is a Missouri resident.

7. Upon information and belief, Defendant Dealer Product Services, Inc. ("DPS") is an Illinois Corporation, having a principal place of business in Arlington Heights, Illinois.

### Plaintiffs' Intellectual Property

8. Ray is the owner of a registered copyright in a computer software program known as "Autotrac." (*See* Certificate of Registration, TX 6-211-134, attached as Exhibit A).

9. Ray has complied with all statutory formalities required by the Copyright Act to maintain the validity of the copyright in the computer software program.

10. Ray has been, and still is, the sole proprietor of all rights, title, and interest in and to the copyright registration of Exhibit A.

11. Ray has always maintained the exclusive right under the Copyright Act to reproduce, distribute, and modify, and to authorize the reproduction, distribution, and modification of the subject matter covered by the registration of Exhibit A.

12. Ray developed and invented the Autotrac in 1998 without the assistance or input of any other persona or company.

### Defendant's Actions and Infringement

13. In or around October of 2003, Ray went to work for DPS in a sales and information technology position. In conjunction with his employment, Ray and DPS agreed that

in addition to Ray's salary and other compensation Ray would receive an ownership interest in DPS in the form of common stock in exchange for Ray allowing DPS to use the Autotrac.

14. In or around November of 2003, after discussions regarding how this agreement would be effectuated, Ray sent a proposed agreement to the president of DPS wherein Ray would receive a 5% ownership interest in DPS in exchange for DPS's continued use of Autotrac. DPS refused to sign the agreement tendered by Ray, and several months later DPS sent an agreement to Ray which contained terms contrary to what had been previously discussed by Ray and DPS. Ray refused to sign the agreement tendered by DPS, attempted to negotiate a further agreement with DPS and continued to work at DPS.

15. DPS used Autotrac, and upon information and belief, continues to use the software at the present time, and has never given Ray the agreed upon ownership interest in DPS.

16. On November 16, 2005, DPS terminated Ray's services as an employee, but did not return Autotrac to Ray after the termination.

17. DPS is fully aware of Ray's intellectual property rights, but has continued to use Autotrac and continues to infringe Ray's copyright in the software.

18. These actions on the part of DPS constitute willful and intentional infringement of the rights of Ray resulting in irreparable harm and injury to Ray, by, among other things, depriving Ray of his absolute and exclusive right to use Autotrac and of Ray's agreed upon ownership interest in DPS.

19. DPS was not authorized by Ray to use Autotrac both before and after Ray's termination as an employee of DPS in connection with its business and has wrongfully used the software.

20. Upon information and belief, DPS is undertaking all of the above-referenced acts of infringement in the state of Missouri and, more particularly, in this judicial district.

21. Upon information and belief, all of the above-referenced actions taken by DPS have been, and continue to be, willful, wanton and deliberate.  DPS is fully aware of its infringing conduct, yet continues to wrongfully use the infringing software for its business.

## COUNT I

## COPYRIGHT INFRINGEMENT

22. Ray realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if more fully set forth herein.

23. Upon information and belief, DPS has had access to Ray's copyrighted work through Ray's employment at DPS and through the proposed agreement for Ray to receive an ownership interest in Autotrac in exchange for DPS's use of the software.

24. At no time has Ray ever granted or licensed DPS the right to copy or modify Ray's copyrighted work, or to continue to use Ray's software after his termination from employment at DPS, or to use Ray's software without compensating Ray with the agreed upon ownership interest in DPS.

25. Upon information and belief, DPS infringed Ray's copyright through its use of Ray's software without providing Ray with an ownership interest in DPS and through DPS's use of Ray's software after DPS's termination of Ray as an employee of DPS.

26. Ray has sustained damages from the loss in value of its exclusive rights by reason of DPS's actions.

4

## COUNT II

## UNJUST ENRICHMENT

25.     Ray realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if more fully set forth herein.

26.     DPS's unauthorized previous and continuing use of Ray's copyrighted Autotrac has benefited DPS.

27.     DPS appreciated that its continued use and prior use of Ray's software without providing agreed upon compensation to Ray has conferred a benefit upon DPS.

28.     It would be inequitable for DPS to retain the benefit of its use of the Autotrac without payment to Ray.

## COUNT III

## DECLARATORY JUDGMENT

29.     Ray realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if more fully set forth herein.

30.     Ray brings this action pursuant to 28 U.S.C. §§2201 and 2202, as to the relevant rights, liabilities and obligations of Ray and DPS with respect to the copyrighted Autotrac owned by Ray.

31.     Ray developed and invented Autotrac in 1998, 5 years prior to Ray's employment by DPS. DPS had no role of any kind in the invention or development of Autotrac, and Autotrac is not a trade secret of DPS.

32.     DPS was allowed to use Autotrac while Ray was an employee of DPS from November 2003 to November 2005 based upon DPS's agreement to provide Ray with an

ownership interest in DPS.  DPS never provided Ray with any ownership interest in DPS, and terminated Ray's employment on November 16, 2005.

33.     Upon information and belief, DPS continues to wrongfully use and operate Autotrac.

34.     Ray seeks a judgment from this court that Ray is the sole owner of Autotrac, that Autotrac is not a trade secret of DPS, that DPS has no ownership interest in Autotrac, and that DPS has no right to use, operate, modify or retain Autotrac or any source codes or other proprietary information relating to Autotrac.

## COUNT IV

## FRAUDULENT MISREPRESENTATION

35.     Ray realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if more fully set forth herein.

36.     DPS represented to Ray that if Ray would allow DPS to use Autotrac, DPS would grant Ray an ownership interest in DPS, intending that Ray would rely upon such representation in determining whether Ray would accept employment at DPS and allow DPS to use Autotrac.

37.     The representation that Ray would receive an ownership interest in DPS was false.

38.     DPS knew that the representation was false or should have known the representation was false at the time it was made, or in the alternative, DPS did not know whether the representation was true.

39.     The representation by DPS was material to the decision by Ray to accept employment at DPS and to allow DPS to use Autotrac.

40. Ray relied on DPS's representation that if Ray allow DPS to use Autotrac, DPS would grant Ray an ownership interest in DPS.

41. As a direct result of DPS's misrepresentation, Ray was damaged in an amount equal to his potential ownership interest in DPS or in the alternative of the reasonable value of the licensing fees Ray could have earned from licensing the use of Autotrac to a third party.

## COUNT V

## CONVERSION

42. Ray realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if more fully set forth herein.

43. In September of 2005, Ray became a 25% owner of Intellimark Group, LLC ("Intellimark"), a company that does not compete directly with DPS. Ray worked for Intellimark in the evenings and in his spare time.

44. Ray is the owner of a personal computer which contained certain documents belonging to Ray. Some of these documents related to Ray's involvement with DPS, some related to Ray's involvement with Intellimark and some were Ray's personal documents.

45. On or about November 15, 2005, while Ray was in a meeting with the president of DPS at the offices of DPS, an employee and agent of DPS, acting as the agent of DPS on DPS's instructions, logged onto Ray's personal computer without his knowledge, permission or consent, and downloaded, misappropriated and/or erased many of Ray's personal documents and documents relating to Ray's involvement with Intellimark. DPS took this action with the intent to exercise control over Ray's documents.

46. By its aforementioned actions, DPS deprived Ray of the possession and use of the downloaded, misappropriated and/or erased documents, and damaged Ray thereby.

## COUNT VI

## FAILURE TO PAY WAGES TO DISCHARGED MISSOURI EMPLOYEE

47.     Ray realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if more fully set forth herein.

48.     DPS does business in the State of Missouri, and employed Ray to do business on its behalf in the State of Missouri.

49.     DPS terminated Ray's employment on or about November 16, 2005.  Ray had been paid for his services to date on November 15, 2005, but on November 16, 2005, DPS stopped payment on Ray's paycheck.

50.     DPS failed to pay and continues to refuse to pay wages due to Ray in the amount of $4,583.33.

51.     Mo. Rev. Stat. §290.110 states that if an employer who does business in Missouri fails to pay wages to a discharged employee the amount of the unpaid wages become due and payable on the date of the discharge, and if the employer fails to pay the employee the sum due after a demand for payment by the employee, then the employer shall continue to be liable for the employee daily wages for a period not to exceed 60 days.

52.     Ray is entitled to the unpaid wages from DPS.

53.     Ray is also owed, *inter alia*, an additional $75.00 from DPS for bank charges for DPS stopping payment on Ray's paycheck, and an additional $784.17 from DPS for unreimbursed expenses for which DPS has failed and refused to reimburse Ray.

8

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the Court enter a judgment:

A.  Ordering Defendant DPS to account for and pay over to Ray either (i) the actual damages suffered by Ray as a result of the infringement of its copyright, and any profits by Defendant that are not taken into account in computing actual damages or, (ii) statutory damages of $30,000 for each copyright for all infringement with respect to that copyright, at Ray's election.  If Ray elects statutory damages, and the Court finds that any infringement was committed willfully, Ray prays for damages up to $150,000 for willful infringement with respect to that title;

B.  Ordering Defendant DPS to pay Ray its costs of suit incurred herein and attorneys' fees pursuant to 17 U.S.C. §505.

C.  That Ray recover all damages he has sustained as a result of DPS' unjust enrichment.

D.  Declaring that Ray is the sole owner of Autotrac, that Autotrac is not a trade secret of DPS, that DPS has no ownership interest in Autotrac, that DPS has no right to use, operate, modify or retain Autotrac or any source code or other proprietary information relating to Autotrac, and that DPS turn over to Ray Autotrac or any source code or other proprietary information relating to Autotrac.

E.  That Ray recover all damages he has sustained as a result of DPS's fraudulent misrepresentation.

F.  That Ray recover all damages he has sustained as a result of DPS's conversion of Ray's property.

9

    G.      That Ray recover his unpaid wages and unreimbursed expenses and any relevant statutory damages under Mo. Rev. Stat. §290.110.

    H.      Awarding Ray other and further relief as this Court deems just and proper.

Dated:      January 19, 2006      HERREN, DARE & STREETT

By:    /s/ David M. Dare
David M. Dare #2935
1051 N. Harrison Ave.
Kirkwood, MO 63122
(314) 965-3373
(314) 965-2225
ddare@hdsstl.com

***ATTORNEY FOR PLAINTIFFS***

HARNESS, DICKEY & PIERCE, P.L.C.

By:

Rudolph A. Telscher, #8578
Matthew L. Cutler., #78149
Kara R. Yancey #503030
Douglas R. Wilner, #117826
Molly B. Edwards, #508825
7700 Bonhomme, Suite 400
St. Louis, MO  63105
(314) 726-7500
FAX:   (314) 726-7501

***CO-COUNSEL FOR PLAINTIFFS***

10